UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LEE GOODMAN,** | ) | **CASE NO. 1:07 CV 2697** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **VERIZON WIRELESS** | ) | **Memorandum of Opinion and Order** |
| **SERVICES, LLC,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JERRY BUESCHER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon plaintiff's motion to remand and for attorney's fees (Doc. 6), defendant Jerry Buescher's motion for judgment on the pleadings (Doc. 4), and plaintiff's motion for leave to file *instanter* a first amended complaint (Doc. 8). This case arises out of defendants' alleged disability discrimination against plaintiff. For the reasons that follow, plaintiff's motion to remand is GRANTED. As a result, the Court does not have jurisdiction to consider the other motions before it.

**FACTS**

Plaintiff Lee Goodman brings this action against defendants Verizon Wireless Services, LLC and Jerry Buescher ("Buescher") (collectively, "defendants") asserting disability discrimination. The proper name of the employer-defendant is Cellco Partnership, d/b/a Verizon Wireless. This defendant will be referred to as "Cellco" in this opinion.

Plaintiff initiated this case in the Ohio Court of Common Pleas. Defendants removed the case to this Court. Plaintiff is a resident of the state of Ohio. Defendant Cellco is a partnership organized under the laws of the state of Delaware. Cellco is not a citizen of Ohio for diversity purposes. Defendant Buescher is a resident of the state of Ohio.

Plaintiff was employed by Cellco as a sales representative from June 2002 to April 2007. Buescher was plaintiff's direct manager from January 2007 to April 2007. Plaintiff took a leave of absence in February 2007 for stress-related health issues. In March 2007, plaintiff requested that he be permitted to return to a less stressful position. In April 2007, plaintiff was informed that he had exhausted his paid leave time and that he would be informed whether or not his employment would continue. Plaintiff was terminated on April 25, 2007. Shortly thereafter, plaintiff initiated this suit.

The complaint contains three claims for relief. Count One alleges "regarded as" disability discrimination in violation of O.R.C. § 4112 and seeks damages in excess of $25,000. Count Two alleges a failure to accommodate in violation of O.R.C. § 4112 and seeks damages in excess of $25,000. Count Three alleges a violation of Ohio public policy as set forth in O.R.C. § 4112 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e as well as Ohio common law and seeks unspecified damages.

Plaintiff now moves to remand and for attorney's fees.  Defendants oppose the motion.  Defendant Buescher also moves for judgment on the pleadings, which motion plaintiff opposes.  Finally, plaintiff moves for leave to file *instanter* a first amended complaint.  Defendants oppose the motion for leave.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction.  *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 496-97 (6th Cir. 1999) ("in a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory ...").  The determination of federal jurisdiction in a diversity case is made as of the time of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Id.* at 453-54.

However, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Coyne*, 183 F.3d at 493.  "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."  *Id.*  If "there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."  *Id.*  "The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party."  *Id.* (internal quotations omitted).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Id.*

**DISCUSSION**

To establish a prima facie case of disability discrimination under O.R.C. § 4112, the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question. *E.g., City of Columbus Civ. Serv. Comm'n v. McGlone*, 697 N.E.2d 204, 206 (Ohio 1998). Under Ohio law, an individual supervisor is included within the definition of "employer" and, thus, can be held individually liable for his own discriminatory conduct occurring in the workplace environment. *Genaro v. Cent. Transport, Inc.*, 703 N.E.2d 782, 787 (Ohio 1999) (creating supervisor liability under O.R.C. § 4112). Plaintiff's complaint alleges the following were adverse employment actions taken against him because of his handicap: (1) refusing to engage in the interactive process with plaintiff with respect to a reasonable accommodation of his disability and/or perceived disability; (2) terminating his employment; and (3) replacing plaintiff with a non-disabled employee.

Plaintiff has moved to remand this matter to state court on the ground that both plaintiff and Buescher are Ohio citizens, thus defeating diversity jurisdiction.[1] Buescher responds that removal was proper because he was fraudulently joined in an attempt to keep this matter in state court. He argues that, because he did not take any adverse employment action against plaintiff, plaintiff cannot prevail against him. In support of his position,

---

[1] Plaintiff and defendant Cellco are diverse. Defendant Buescher's presence in the suit is the only impediment to subject matter jurisdiction in this Court.

Buescher declares under penalty of perjury that:

> I did not make decisions regarding the approval or denial of Plaintiff's leave of absence, eligibility for and payment of disability benefits, return to work after his leave of absence, or any purported requests for a disability accommodation. These decisions were made by an outside vendor, with respect to disability benefits, and by Human Resources. I also did not make any decisions with respect to Plaintiff's termination of employment, as this decision was made by Human Resources. None of the decisions regarding Lee Goodman's short term disability benefits, alleged request for accommodation, or termination were made by me, and I did not have input into any decisions regarding these matters.

The two human resources employees involved in the decisions have also submitted declarations in support of Buescher's position. Ms. Starks declares that Buescher did not have input into the decision to deny plaintiff's request for short-term disability benefits or to terminate plaintiff, and Ms. Leibrick states that Buescher was not responsible for any of the decisions regarding plaintiff. According to Ms. Starks' declaration, plaintiff was terminated because he threatened the safety of Cellco employees during a conversation with a MetLife representative. Ms. Starks lives and works in New Jersey.

Plaintiff counters these sworn statements with an affidavit of his own. Plaintiff's affidavit closely tracks the factual allegations made in his complaint. Plaintiff states that Buescher was plaintiff's manager at all relevant times and that he remained in frequent contact with Buescher during his leave of absence. Plaintiff states he and Buescher communicated with each other regarding plaintiff's request for short-term disability benefits and that Buescher also communicated with MetLife Insurance Company on this subject.

Plaintiff further declares that he discussed with Buescher his desire to return to work in a less stressful position. However, plaintiff admits that Buescher directed this inquiry to

5

Ms. Leibrick in human resources.  Plaintiff further states that Buescher was the only individual with decision-making authority with whom he spoke other than Ms. Leibrick and Ms. Starks regarding his leave of absence and return to work.  Finally, Plaintiff alleges in the complaint that several weeks before plaintiff was terminated, Buescher "announced to several Verizon employees at a sales meeting that Plaintiff would not be returning to work because a job with a sales quota would be damaging to his health."

In light of all of the evidence, Buescher has failed to demonstrate that he was fraudulently joined.  The Court must construe all of the disputed facts in favor of plaintiff.  *Coyne*, 183 F.3d at 493.  Central to the Court's ruling are the fact that Buescher was plaintiff's direct supervisor and that Buescher and plaintiff were in frequent contact regarding plaintiff's return to work.  The human resources employee who terminated plaintiff is located in New Jersey - a location very remote from plaintiff's work location in Ohio.  Finally, Buescher's alleged statement to other sales employees that plaintiff would not be returning to work was made at a sales meeting that occurred one day prior to plaintiff's alleged threat against Cellco employees and 23 days prior to plaintiff being notified of the termination.  On these facts, one can infer that Buescher had input into the termination, which plaintiff alleges was based on disability.  Therefore, there is a  colorable basis for predicting that plaintiff may recover against Buescher.  *Coyne*, 183 F.3d at 493.  As such, the Court is compelled to remand this case to state court.  However, the Court declines in its discretion to award plaintiff his attorney's fees.

As a result of this Court's resolution of the motion to remand, the Court does not have subject matter jurisdiction to consider the other motions before it.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is GRANTED.  Plaintiff's motion for attorney's fees is DENIED.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
     PATRICIA A. GAUGHAN
     United States District Judge

Dated: 12/5/07